**FOX WEST COAST AGENCY CORPORA-TION v. FORSYTHE.**

No. 10169.

Circuit Court of Appeals, Ninth Circuit.

Nov. 18, 1942.

Lasher B. Gallagher, of Los Angeles, Cal., for appellant.

Rosecrans & Emme and Bayard R. Rountree, all of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

Appellant appeals from a judgment of the district court, sitting without jury, awarding damages for its negligence in failing to furnish to appellee, in its United Artists Theatre, a large downtown moving picture auditorium in the City of Los Angeles, a seat of sufficient strength to sustain her, the breaking of which inflicted on her serious injury.

In an agreed statement, appellant admits the amount of the injury to appellee. The appeal concerns claimed error in finding negligence as causing the injury and, if negligence exist, whether it is that of appellant.

Appellee's weight of 285 pounds of "solid flesh" is over the average, but appellant's ticket seller had the usual opportunity to observe this and nevertheless sold appellee a ticket without warning her of an insufficiency in the theatre seats. Such a theatre extends a general invitation to the entire three million people in Los Angeles and its tributary population to patronize it, and it is a matter of judicial notice that among such invitees there would be a considerable number of overweight persons so addressed.

Appellee's size was not only observable to the ticket seller, but also to the necessary theatre ushers, of which the payroll in evidence shows a large number. The breaking of the seat is evidence from which the court may infer that the care due in the seating of a theatre patron had not been given by the management, which, by the sale of the ticket, had created a relationship requiring such care. Appellant assigns no error based on a failure to consider evidence of a proper inspection or latent defect of the seat.

The evidence is sufficient to sustain the court's inference that the injury arose from the negligence of the person managing the theatre having charge of furnishing seats to its patrons.

Appellant's answer claimed a duty on the part of the invitee to inspect the seat she occupied to determine its strength, and contributing negligence on appellee's part for not so doing. We know of no such duty on the patron in the dim lights of a movie theatre. The answer also claimed appellee exerted unusual and unnecessary effort in seating herself, constituting a negligent contribution to the breaking of the seat. There is no evidence of such unusual effort and the court properly held the appellant had not established its affirmative defense of contributory negligence.

The proof shows that the theatre was not owned by appellant and that it was the agent of two other corporations, Fox West Coast Theatres Corporation and United Artists Theatre Circuit, Inc., for the management of the downtown and other theatres, and in so far as concerns the transaction leading to appellee's injuries. However, because one in the capacity of agent may make a principal liable by commission of a tort, does not free the agent from its liability for the tort. Appellant's written contract with the two corporations contains a clause providing that the contract "shall not be construed" to make appellant "liable to any person, firm or corporation other than" the two other corporations. By such an agreement appellant cannot avoid its liability to third persons for tort in which it participates.

The character of appellant's relationship to the appellee patron of the theatre is shown by further provisions in the contract. In the first numbered paragraph, the two corporations "hereby surrender to and vest in [appellant] the management of the * * * United Artists Downtown * * *. All furniture, fixtures, equipment and personal property located in the theatres and used or useful in the operation thereof, shall remain in the theatres subject to the control of Agency [appellant]." Concerning this surrender to and vesting in appellant of the management of the theatre, the contract further provides, "[appellant] shall manage and operate the theatre for the joint benefit of the parties hereto, and as such manager or operator shall have, among other things, the sole right and authority, and obligation as agent for the other parties hereto, (a) To select, purchase, license, lease and/or book motion pictures to be exhibited in the theatres; (b) to employ the personnel which in the opinion of the Agency may be necessary for the successful operation of the theatres, including a local manager for each of the theatres, and one district manager, for all of the theatres; * * *."

Other provisions make it clear that the managerial power over all the employees having to do with the sale of the ticket to appellee and the ushering, (or failing to usher,) her to her seat—all hired and discharged by appellant—was "vested" in appellant and was a function which the two other corporations had "surrendered" and of which they had divested themselves. We hold that the terms of the contract required the finding of the court that the negligence by which appellee was injured was caused by the agents of the appellant manager.

In view of this holding, it is unnecessary to consider whether other evidence claimed to show admissions of responsibility of appellant to appellee was improperly admitted. If error was committed, it was not prejudicial.

Judgment affirmed.